UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOMMY PHAM, on Behalf of Himself and on Behalf of All Others Similarly Situated § § § § § Plaintiff, § § V. § § § QUADGEN WIRELESS SOLUTIONS § INC. § § Defendant. § | | CIVIL ACTION NO. _____ COMPLAINT – COLLECTIVE ACTION & CLASS ACTION JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT, COLLECTIVE ACTION, CLASS ACTION AND JURY DEMAND**

**SUMMARY**

1. This case is a class action and collective action against Defendant QuadGen Wireless Solutions, Inc. (hereinafter "Defendant"). Defendant misclassified/misclassifies its Field Technicians and all employees performing substantially similar duties as exempt from overtime. As a result, Defendant denies those workers the overtime they are entitled to under the Fair Labor Standards Act ("FLSA") and the North Carolina Wage and Hour Act ("NCWHA"). Plaintiff brings this case as a collective action under the FLSA and a Rule 23 class action under the NCWHA and seeks, on behalf of himself and all similarly situated employees, unpaid wages, liquidated damages, penalties, interest, attorneys' fees, and litigation costs.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 because the action involves a federal statute, the FLSA, 29 U.S.C §§ 201, *et seq*.

1

The Court has supplemental jurisdiction over the state law wage and hour claims under 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative fact.

3. Defendant is subject to personal jurisdiction in this District because it conducts substantial and continuous commercial activities in Pennsylvania. It contracts with residents of Pennsylvania for the services provided by its workforce. It maintains a registered agent for service of process in Pennsylvania. It also employs numerous Pennsylvania citizens.

4. Venue is proper in this District because a Defendant does a significant portion of its business in this District, Defendant's corporate headquarters are in this District, and many of the wrongs herein alleged occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

5. Plaintiff Tommy Pham is an individual residing in Arlington, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

6. The FLSA Class Members are all current and former Field Technicians, and all employees who performed/perform substantially similar duties, that were/are classified as exempt from overtime for at least one workweek during the three year period prior to the filing of this Complaint to the present (referred to as "FLSA Class Members").

7. The North Carolina Class Members are all current and former Field Technicians, and all employees who performed/perform substantially similar duties, that were/are classified as exempt from overtime for at least one workweek in North Carolina during the two year period prior to the filing of this Complaint to the present (referred to as "North Carolina Class Members"). The FLSA Class Members and North Carolina Class Members are known collectively as "Class Members."

8. Defendant Quadgen Wireless Solutions, Inc. is a Delaware corporation doing business in Pennsylvania. Defendant can be served with process by serving its president, Srikalahasti Vagvala, at 200 N. Warner Road, Suite 110, King of Prussia, PA 19406.

## FLSA COVERAGE

9. At all material times, Defendant was/is an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

10. At all material times, Defendant was/is an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise had and continues to have employees engaged in commerce or the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11. At all material times, Defendant had/has an annual gross business volume in excess of the statutory standard of $500,000.

12. At all material times, Plaintiff and the Class Members were/are employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

## FACTS

13. Defendant provides telecommunication services across the United States. Specifically, Defendant provides telecommunication equipment installation and integration to cellular telephone companies.

14. To provide its services to its customers, Defendant employed/employs Field Technicians.

15. The primary duty of Field Technicians was/is to perform manual labor tasks on cellular towers. Field Technicians install and troubleshoot equipment in these towers according to strict procedures while outside and exposed to the elements.

16. Field Technicians used/use basic tools to perform their physical labor tasks such as cable cutters, screwdrivers, ladders, pliers, wrenches, colored tape, cameras, and zip ties.

17. Field Technicians were/are required to use safety equipment at all times. This equipment includes a hard hat, safety shoes, safety glasses, and a first aid kit.

18. Field Technicians worked/work far in excess of forty hours per workweek.

19. Field Technicians were/are classified as exempt from overtime by Defendant. That is, Field Technicians were/are not paid overtime at the rate of time and one half their regular rates of pay for all hours worked over forty in a workweek.

20. Plaintiff worked for Defendant as a Field Technician from approximately May 2016 to October 2016.

21. Plaintiff performed his services for Defendant in Texas and North Carolina.

22. Plaintiff regularly worked more than 40 hours in a workweek. In fact, he worked on average 60 hours each workweek.

23. Plaintiff was paid a salary only.

24. However, if Plaintiff did not work the hours required by Defendant, Defendant would reduce the salary of Plaintiff.

25. Plaintiff was not paid overtime by Defendant.

26. Plaintiff was classified as exempt from overtime.

27. Like Plaintiff, the Class Members worked/work more than 40 hours in a workweek.

28. Like Plaintiff, the Class Members were/are paid a salary only.

29. Like Plaintiff, if the Class Members did/do not work the hours required by Defendant, Defendant would reduce the salaries of the Class Members.

30. Like Plaintiff, the Class Members were/are not paid overtime by Defendant.

31. Like Plaintiff, the Class Members were/are classified as exempt from overtime.

32. The work performed by Plaintiff and the Class Members did/do not require any particular computer skills. Employees who had not ever done the work of a Field Technician could learn the job in a short period of time through on the job training.

33. Plaintiff's and the Class Members' primary duty did/does not include the exercise of, discretion or independent judgment with respect to matters of significance. Instead, Field Technicians followed/follow thorough operating procedures and were/are not allowed to deviate from those procedures.

34. Plaintiff's and the Class Members' primary duty did/does not require a prolonged course of intellectualized study. Training was/is on the job training for a minimal period of time.

35. Plaintiff's and the Class Members did/does not regularly supervise two or more employees or have hiring/firing authority.

36. Plaintiff's and the Class Members' primary duty did/does not involve computer programming, computer systems analysis, network design, hardware design, or software design.

37. No exemption under the FLSA or North Carolina law shelters Defendant from paying overtime to Plaintiff or the Class Members.

38. Defendant knew of the requirement to pay overtime and in fact, pays overtime to other employees. However, Defendant made the conscious choice to not pay overtime to the Plaintiff and Class Members, or showed reckless disregard for whether the Plaintiff and the Class

Members were entitled to overtime pay. Under these facts, Defendant has committed a willful violation of the law.

## FLSA COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

40. Plaintiff has actual knowledge that the FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours in a workweek as a result of Defendant's misclassification of its employees.

41. Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant. Plaintiff personally worked with other Field Technicians under the same compensation structure who worked at multiple locations for Defendant.

42. Other workers similarly situated to the Plaintiff worked/work for Defendant throughout the United States, but were/are not paid overtime at the rate of one and one-half their regular rates of pay when those hours exceeded/exceed forty (40) hours in a workweek.

43. Although Defendant permitted/permits and/or required/requires FLSA Class Members to work in excess of forty (40) hours in a workweek, Defendant denied and continues to deny them full compensation for their hours worked over forty (40).

44. Defendant misclassified and continues to misclassify the FLSA Class Members as exempt employees.

45. The FLSA Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as exempt by Defendant.

46. The FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

47. As such, FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as exempt employees and/or the denial of overtime pay.

48. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of any FLSA Class Member.

49. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of the FLSA Class Members.

50. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

51. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) in a workweek.

52. Although the exact amount of damages may vary among the FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

53. As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> **The FLSA Class Members are all current and former Field Technicians, and all employees performing substantially similar duties, who worked more than 40 hours for at least one workweek during the three year period prior to the filing of this Complaint to the present, that were classified as exempt from overtime.**

## CLASS ACTION ALLEGATIONS

54. Plaintiff also seeks to represent a class under Fed. R. Civ. P. 23(b)(3) for back wages, interest and liquidated damages under N.C. Gen. Stat. § 95-25.22(a1) ("North Carolina Class Members").

55. The individuals in the Class are so numerous that joinder of all individual members is impracticable. Although the precise number of such individuals is currently known to Defendant, Plaintiff believes that the number of Field Technicians that worked for Defendant in North Carolina in the last two years exceeds 40.

56. There are questions of law and fact common to the Class that predominate over any individual questions affecting only individual members of the Class, including, but not limited to:

   A. Whether Defendant violated the NCWHA by classifying the Field Technicians as exempt from overtime;

   B. Whether Plaintiff and the Class Members were/are entitled to overtime pay;

   C. Whether Plaintiff and the Class Members were/are entitled to liquidated damages.

57. Plaintiff's overtime claims are typical of those of the North Carolina Class. Plaintiff, like other members of this Class, was misclassified as exempt from overtime and the North Carolina Class Members performed/perform similar duties as Plaintiff. The misclassification of Plaintiff resulted from the implementation of a pay policy which affected/affects all North Carolina Class Members in a similar way. Plaintiff challenges Defendant's pay practices under legal theories common to all North Carolina Class Members.

58. Plaintiff and the undersigned counsel are adequate representatives of the Class. Given Plaintiff's loss, Plaintiff has the incentive and is committed to the prosecution of this action for the benefit of the Class. Plaintiff has no interests that are antagonistic to those of the Class or that would cause him to act adversely to the best interests of the Class. Plaintiff has retained counsel experienced in class action litigation and wage and hour disputes.

59. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(1), 23(b)(2), and 23(c)(4) because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards for Defendant and similar companies.

60. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class and because a class action is superior to other methods for the fair and efficient adjudication of this action.

61. As such, the class of similarly situated Plaintiffs for the North Carolina Class is properly defined as follows:

> **The North Carolina Class Members are all current and former Field Technicians, and all employees performing substantially similar duties, who worked more than 40 hours for at least one workweek during the two year period prior to the filing of this Complaint to the present, that were classified as exempt from overtime.**

### FIRST CAUSE OF ACTION
### Violation of the FLSA—Collective Action
### (Failure to Pay Overtime)

62. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

63. 29 U.S.C. § 216(b) allows Plaintiff to assert FLSA claims on behalf of himself and all other employees similarly situated. Plaintiff asserts this claim on behalf of himself and all similarly situated employees in the FLSA Class defined above, who worked/work for Defendant at any time from the three years prior to the date the Complaint was filed through the present. All requirements for a collective action are met.

64. 29 U.S.C. § 207 requires Defendant to pay all employees for each hour worked in excess of 40 at a rate equal to one and one half times the regular rate of pay.

65. Defendant failed to pay Plaintiff and the FLSA Class Members overtime because Defendant misclassified and continues to misclassify them as exempt from overtime.

66. Based on the foregoing, Plaintiff and the FLSA Class Members are entitled to the full statutory overtime as set forth in 29 U.S.C. § 207 for all periods in which they worked for Defendant.

67. Defendant's conduct in misclassifying workers like Plaintiff and the Class Members was/is willful and with the intent to avoid paying them overtime and other benefits tto which they are legally entitled.

68. The Plaintiff and FLSA Class Members were/are not exempt from the overtime requirements under the FLSA.

69. The FLSA provides that a private civil action may be brought for the payment of federal minimum wages and overtime together with an equal amount in liquidated damages. Moreover, Plaintiff and the FLSA Class Members are entitled to recover attorneys' fees and costs incurred in enforcing their rights pursuant to 29 U.S.C. § 216(b).

70. 29 U.S.C. § 211(c) provides in relevant part:

> Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder.

71. 29 C.F.R. § 516.2 further requires that every employer shall maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and total hours worked by each employee during the workweek.

72. To the extent Defendant failed to maintain all records required by the aforementioned statute and regulations, and failed to furnish to Plaintiff and the FLSA Class Members comprehensive statements showing the hours they worked during the relevant time period, they also violated the law.

73. When an employer fails to keep accurate records of hours worked by its employees, the rule in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-688 is controlling. That rule states:

> [W]here the employer's records are inaccurate or inadequate. . .an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer failed to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

74. The Supreme Court set forth the above standard to avoid allowing the employer to benefit by failing to maintain proper records. Where damages are awarded pursuant to the standard in *Mt. Clemens*, "[t]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with. . .the Act." *Id.*

75. Based on the foregoing, on behalf of the FLA Class, Plaintiff seeks unpaid overtime at the required legal rates for all their work during the relevant time period, back pay, restitution, liquidated damages, attorneys' fees and costs, and any other relief allowed by law.

**SECOND CAUSE OF ACTION**
**Violation of the North Carolina Wage and Hour Act**
**Failure to Pay Overtime**

76. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

11

77. North Carolina law requires an employer to pay its employees on all wages accruing to the employee. N.C. Gen. Stat. § 95-25.6.

78. Defendant was/is required to pay each employee that worked more than 40 hours per workweek at a rate of not less than time and one half of the regular rate of pay for each hour worked 40 per workweek. N.C. Gen. Stat. § 95-25.4.

79. Defendant intentionally refused and continues to refuse to pay all wages due as set forth in the preceding paragraphs to Plaintiff and the North Carolina Class Members in violation of the North Carolina Wage and Hour Act.

80. The Plaintiff and North Carolina Class Members were/are not exempt from the overtime requirements under the North Carolina Wage and Hour Act.

81. Accordingly, Plaintiff, on behalf of himself and the North Carolina Class Members, seeks damages in the amount equal to the amount of unpaid earned compensation, liquidated damages, interests, costs, and attorneys' fees. N.C. Gen. Stat. § 95-25.22.

## JURY DEMAND

82. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

83. Plaintiff, on behalf of himself and the FLSA Class, and the North Carolina Class, prays for relief as follows:

   A. Determining that the FLSA claims stated herein may proceed as a collective action;

   B. Determining that the NCWHA claims stated herein may proceed as a class action;

   C. Declaring that Defendant committed multiple, separate violations of the NCWHA and FLSA;

   D. Declaring that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and their obligations under the NCWHA and FLSA;

E. Awarding actual and statutory damages, unpaid overtime wages, liquidated damages, and penalties as authorized by the FLSA and NCWHA;

F. Awarding reasonable attorneys' fees and costs as provided by the NCWHA and FLSA; and

G. Granting such other and further relief, in law or equity, as this Court may deem appropriate and just.

Respectfully submitted,

SWARTZ SWIDLER, L.L.C.


By: */s/ Justin Swidler*
Justin L. Swidler
1101 Kings Highway N. Ste 402
Cherry Hill, New Jersey 08034
Telephone: (856) 865-7420
Facsimile: (856) 685-7417
jswidler@swartz-legal.com

Local Counsel

AND

KENNEDY HODGES, L.L.P.


By*: /s/ Don J. Foty*
Don J. Foty (pending admission pro hac vice)
DFoty@kennedyhodges.com
Texas State Bar No. 24050022
4409 Montrose Blvd., Suite 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

Attorneys for Plaintiff and Class Members


Dated:   June 27, 2017