# CONFIDENTIAL RELEASE AND SETTLEMENT AGREEMENT

This Confidential Release and Settlement Agreement ("Settlement Agreement") is entered into by and between Representative Plaintiff Tommy Pham ("Representative Plaintiff"), and all individuals listed on Exhibit "1", for themselves individually (collectively "Plaintiffs"), as well as their spouse (if any), beneficiaries, heirs, administrators, executors, assigns, agents and representatives, on the one hand; and QuadGen Wireless Solutions, Inc. ("QuadGen"), on the other hand. Plaintiffs and QuadGen shall be referred to collectively herein as "the Parties."

WHEREAS, the Parties desire to compromise and settle the claims that are pending in the United States District Court for the Eastern District of Pennsylvania, *Tommy Pham et al. v. QuadGen Wireless Solutions, Inc.*, 17-cv-02894 in a comprehensive manner pursuant to the terms of this Settlement Agreement;

NOW, THEREFORE, for and in consideration of the above and the additional covenants and agreements set forth herein, the Parties expressly agree as follows:

## I. TERMS OF SETTLEMENT

**A. Motion for Approval of Settlement and Dismissal with Prejudice.** Within ten (10) business days of the Parties' execution of this Settlement Agreement, the Parties will file a Joint Motion for Approval of Settlement and Dismissal with Prejudice, requesting that the Court approve the settlement of these FLSA claims and dismiss Plaintiffs' claims with prejudice. The Court shall retain jurisdiction to enforce the terms of the settlement. In the event this Settlement Agreement is not finally approved by the Court, the Parties will work together in good faith to structure an agreement that will meet Court approval. If they are unable to do so, this Settlement Agreement will no longer have any effect, the settlement payment shall remain property of QuadGen and the Parties' litigation positions will revert to the status quo ante before execution of this Settlement Agreement with no waiver, in any way, of their claims or defenses in this Action, including, but not limited to, defenses to the merits of Plaintiffs' claims and to collective action treatment.

**B. Payment By QuadGen.** Provided Plaintiffs have delivered to Jackson Lewis, P.C., attn.: Stephanie Peet, 1601 Cherry Street, Suite 1350, Philadelphia, PA, counsel for QuadGen ("QuadGen's Counsel") the following items:

1. a completed IRS Form W-9 and wire instructions for Plaintiffs' counsel; and

2. a fully executed copy of this Settlement Agreement, executed by Representative Plaintiff Tommy Pham on behalf of himself all individuals identified on Exhibit "1"; and

3. provided the Court has approved the Parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice, QuadGen will provide a payment in the amount of One Hundred Seventy One Thousand Nine Hundred and Eighteen and Forty One Cents ($171,918.41) payable to Plaintiffs' counsel, issued on a Form 1099, which shall represent payment for fees ($133,333.33), and case expenses ($38,585.08) incurred by Plaintiffs' counsel and will issue the Plaintiffs the specific individual amounts set forth on the Exhibit "1" to this Settlement Agreement (which identifies each Plaintiff by name), less any legally-required withholdings. In total, the gross total amount paid to all Plaintiffs combined equals Two Hundred Twenty-Eight Thousand and Eighty-One Dollars and Fifty-Nine Cents ($228,081.59) before any legally-required withholdings. The total

**EXHIBIT "A"**

amount that QuadGen will cause to be paid to Plaintiffs and Plaintiffs' Counsel pursuant to this Settlement Agreement is Four Hundred Thousand Dollars ($400,000.00). QuadGen shall issue such payments within thirty (30) business days after the date the Court approves the Parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice.

    **C.**     **Approval for Payment of Attorneys' Fees and Costs.** Plaintiffs' counsel will seek, and QuadGen will not oppose, approval of their $171,918.41 in requested attorneys' fees and costs in the Joint Motion for Approval of Settlement and Dismissal with Prejudice. Except for this payment, each party shall be responsible for payment of their own attorneys' fees and costs. In the event the amount sought by Plaintiffs' Counsel is not approved by the Court, that amount not approved will be reallocated to the Plaintiffs pro-rata.

    **D.**     **Approval Of Incentive Payments.** Further, QuadGen will not oppose Tommy Pham's claim / request for an incentive payment of $10,000.00 as the Class Representative and for an incentive payment in the amount of $2,000.00 to each Plaintiff who appeared for a deposition. These payments are identified on Exhibit "1." These incentive payments will be deducted from the $400,000.00 settlement specified above. QuadGen will not owe any additional amount for the incentive payment. In the event any incentive payment is not approved by the Court, the amount not approved will be reallocated to the Plaintiffs pro-rata.

    **E.**     **Release and Reversion.** The Parties agree that the checks payable to Plaintiffs will contain mutually-agreed upon release language (specified in Exhibit 2 to this Settlement Agreement) on the back of the checks and will note that by cashing or depositing the checks, they are agreeing to waive all claims, including wage and/or overtime claims, that were or could have been pursued in this action. Settlement monies for any Plaintiffs that do not cash or deposit the check containing the release language within 90 days of the date that it is mailed shall revert back to QuadGen.

    **F.**     **Taxes and Indemnification.** For tax reporting purposes, QuadGen or as applicable the Claims Administrator, shall report 50% of settlement payments made to Plaintiffs as statutory employee earnings on a Form W-2 for statutory employees, which represents payment for alleged back pay and/or overtime due under the FLSA. The remaining 50% shall be designated as non-wage compensation. Plaintiffs will be responsible for reporting such amounts on their tax returns as applicable and paying any applicable taxes on such amounts. Plaintiffs agree to indemnify and hold QuadGen harmless from any and all liability that may result from, or arise in connection with, their failure to file and pay such taxes on any amounts received pursuant to this settlement except that QuadGen, or as applicable the Claims Administrator, shall be responsible for the employer portion of any payroll taxes.

## II. RELEASE

    **A.**     **Representative Plaintiff Pham's Release of Claims.** For and in consideration of the mutual promises herein contained, and effective at such time as all payments required by this Settlement Agreement have been made, and by signing below, Representative Plaintiff does hereby forever and fully release and discharge the Released Parties (as defined and described in Section II.A.2, herein), of and from any and all sums of money, accounts, claims, interests, demands, contracts, actions, debts, controversies, agreements, damages, losses, and causes of action, whatsoever, of whatever kind or nature, known or unknown, suspected or unsuspected, which he now owns, holds, has, or claims to own, hold, or have, and any future consequences and causes of actions therefor, arising from his (former) employment with QuadGen or any of its

parents and subsidiaries, from any and all wage and hour claims, misclassification claims, per diem claims, and/or any claims premised upon employment status, whether or not they were or could have been asserted in either case. The Parties agree that the checks presented to Plaintiffs will contain release language whereby, by cashing or depositing the checks, each Plaintiff agrees to waive all FLSA and/or wage and hour and/or back pay and/or overtime claims that were or could have been asserted against QuadGen.

By way of example only (and without limitation), the Claims released by Representative Plaintiff Pham herein include: all claims under the Fair Labor Standards Act ("FLSA"), 29 USC §§ 201 et seq.; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; the Civil Rights Act of 1871, 42 U.S.C. §1981; the Civil Rights Act of 1991; Section 503 and 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 et seq.; the Americans with Disabilities Act, 29 U.S.C. §§ 12101 et seq., the Family and Medical Leave Act, 29 U.S.C. §§ 2601 et seq., the Employee Retirement Income Security Act, 29 U.S.C. §§ et seq.,the Equal Pay Act, 29 USC §§ 206(d) et seq; the Lilly Ledbetter Fair Pay Act of 2009 ("LLFPA"), 42 U.S.C. § 2000e–5(e)(3)(A); all other legally waivable claims under any federal, state or local statute, regulation, or ordinance, all claims based upon any express or implied contracts, all common law claims now or hereafter recognized, and all claims for relief, including without limitation, minimum, overtime or other wages, retaliation damages, unpaid costs, penalties (including, but not limited to, late payment penalties, wage statement or other record keeping penalties, and meal or rest break penalties), wage deductions, spread of hours pay, premium pay, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief. However, nothing released herein shall apply to any claims for damages arising out of personal injuries.

1. <u>Unknown Claims.</u> Representative Plaintiff Pham understands that he is releasing Claims that he may not know about. It is his knowing and voluntary intent to release any unknown claim, even though he recognizes that someday he might learn that some or all of the facts he currently believes to be true are untrue, or may discover claims or facts in addition to, or different from, those which he now knows or believes to exist that, if known or suspected at the time of executing this Settlement Agreement, may have materially affected this Settlement Agreement, and even though he might then regret having signed this Release. Nevertheless, Representative Plaintiff is assuming that risk, and he agrees that this Release shall remain effective, in all respects, under any such circumstance.

2. <u>Released Parties.</u> The Released Parties are: QuadGen Wireless Solutions, Inc., it's current or former parent companies, subsidiary companies, and/or related, affiliated, or predecessor companies, partnerships, and/or joint ventures, and, with respect to each of them, all of its past, present, and future employees, officers, partners, principals, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, employee benefit programs (and the trustees, administrators, fiduciaries, and insurers of such programs), and any other persons acting by, through, under, or in concert with any of the persons or entities listed in this subsection, and their successors. Said parties shall be referred to collectively herein as the "Released Parties."

B. <u>Limitations.</u> The Releases contained in Section II.A, above, do not extend to enforcement of the obligations, terms, and covenants of this Settlement Agreement by either party. Further, the release of claims shall not affect any rights or claims of the parties that may arise after this Settlement Agreement is executed.

## III. REPRESENTATIONS AND WARRANTIES

    **A.**    <u>Authority.</u> The signatories below represent that they are fully authorized to enter into this Settlement Agreement and to bind the Parties hereto (including all Plaintiffs) to the terms and conditions hereof.

    **B.**    <u>No Admission Of Liability.</u> This Settlement Agreement is the result of a compromise of disputed claims and shall never at any time for any purpose be considered as an admission of correctness, liability, or responsibility on the part of any party. The Parties agree that they will never seek to introduce this Settlement Agreement as evidence of an admission of liability or an admission of any violation of any federal, state or local laws. Plaintiffs further acknowledge that through this Settlement, QuadGen will not be deemed to admit or concede that collective action treatment is or was appropriate, or that Plaintiffs' claims have any merit. Rather, QuadGen has denied and continue to deny, specifically and generally, the claims asserted in the Action and any and all liability or wrongdoing of any kind whatsoever associated with the facts or claims alleged in this Action, including that continued collective action treatment is appropriate.

    **C.**    <u>Advice Of Legal Counsel.</u> The advice of legal counsel has been obtained by all of the Parties prior to the execution of this Settlement Agreement. All of the Parties hereby execute this Settlement Agreement voluntarily and with full knowledge of its significance and with the express intention of extinguishing any and all obligations and claims owed by the Parties to each other arising out of or connected with the matters specified herein. All of the Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Settlement Agreement, and this Settlement Agreement is made with the consent and advice of counsel who have jointly prepared this Settlement Agreement.

    **D.**    <u>Non-Assignment Of Claims.</u> Representative Plaintiff represents and warrants that no portion of any claim, right, demand, action, or cause of action which he has or might have arising out of the matters referred to herein, nor any portion of any recovery or settlement to which he might be entitled, has been assigned or transferred to any other person other than Plaintiffs' Counsel, in any manner, including by way of subrogation or operation of law or otherwise. In the event that any claim, demand, or suit should be made or instituted against any of the Parties because of any such purported assignment, subrogation, or transfer, the other party agrees to indemnify and hold harmless the party subject to such an action against such claim, suit, or demand and to pay and satisfy any such claim, suit, or demand, including necessary expenses of investigation, actual attorneys' fees, and costs.

    **E.**    <u>Adequate Investigation Of Facts.</u> In making and executing this Settlement Agreement, the Parties have made such investigation of the facts and the law pertaining to the matters described herein and this Settlement Agreement as they deem necessary, and they do not rely and have not relied upon any statement or representation, oral or written, made by any of the other Parties to this Settlement Agreement with regard to any of the facts involved in any dispute or possible dispute between any of the Parties hereto, or with regard to any of their rights or asserted rights, or with regard to the advisability of making and executing this Settlement Agreement.

    **G.**    <u>Assumption Of Risk Of Mistake.</u> The Parties hereby expressly assume the risk of any mistake of fact or that the true facts might be other or different from facts now known or believed to exist, and it is the express intention of the Parties to forever settle, adjust, and

compromise the disputes raised by the Actions without regard to who may or may not have been correct in their respective understandings of the facts or the laws relating thereto.

**H. Understanding Of Agreement.** Each of the Parties has read and understands the contents of this Settlement Agreement and, if necessary, has had the same translated to ensure the same.

**I. Binding Upon Agents And Representatives.** Each and every term of this Settlement Agreement shall be binding upon the agents, representatives, insurers, employees, attorneys, heirs, administrators, executors, successors, and assigns of the respective Parties hereto and any parent, subsidiary, or affiliated entity of such Parties.

**J. Integration.** This Settlement Agreement constitutes the entire agreement between Plaintiffs, on the one hand, and QuadGen, on the other hand, pertaining to the subject matter hereof, and further constitutes the final, complete, and exclusive expression of the terms and conditions of their agreement. Any and all prior agreements, representations, negotiations, and understandings, oral or written, express or implied, are hereby extinguished and merged herein.

**K. Cooperation.** The Parties hereto agree to execute any and all other documents and instruments in writing which may be reasonably necessary or proper to effectuate and carry out the purposes of this Settlement Agreement.

**L. Attorneys' Fees.** In the event that any of the Parties hereto should bring any action, suit, or proceeding against any of the other Parties hereto to enforce this Settlement Agreement, the validity hereof, any of the terms or provisions hereof, or any of the matters released hereby, or should any of the Parties assert this Settlement Agreement as an affirmative defense in an action brought by the other party, the prevailing party in such action, suit, or proceeding shall be entitled to recover from the other such party reasonable attorneys' fees to be fixed by the court and costs incurred in connection therewith, including attorneys' fees and costs relating to any and all appeals or petitions taken with respect to any such action, suit, or proceeding.

**M. Modifications In Writing.** The Parties agree that any modifications to this Settlement Agreement must be made in writing, and for QuadGen by a duly-authorized Company official, and must be executed by all of the Parties.

**N. Other Rights and Obligations of the Parties.** Nothing in this Settlement Agreement shall otherwise affect or alter the rights and obligations of the Parties.

**O. Cooperation for Settlement Approval.** The Parties agree to work diligently together to file and submit all documentation and information necessary to the Court for purposes of obtaining approval of this settlement and dismissal of Representative Plaintiff's claims.

**P. Governing Law. This Agreement.** This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Pennsylvania.

      R.    **Counterparts**. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same written Settlement Agreement.

      S.    **Construction**. Representative Plaintiff, on the one hand, and QuadGen, on the other hand, through their counsel, participated in the drafting of this Settlement Agreement, and they agree that any rule of construction that agreements are to be construed adverse to the drafter shall not apply herein, including to captions. Should any provisions of this Settlement Agreement be declared or determined by a court or arbitrator to be illegal or invalid, the validity of the remaining terms shall not be affected thereby.

      T.    **No Waiver**. No waiver of any breach of any term or provision of this Settlement Agreement shall be, or shall be construed to be, a waiver of any other breach of this Settlement Agreement. No waiver shall be binding under this Settlement Agreement unless in writing and signed by the party waiving the breach, and for QuadGen by a duly-authorized Company official.

      U.    **Severability**. If any provision of this Settlement Agreement is found by a proper authority to be unenforceable, that provision shall be severed and the remainder of the Settlement Agreement will remain in full force and effect.

**REPRESENTATIVE PLAINTIFF ACKNOWLEDGES AND AGREES THAT HE HAS READ THIS SETTLEMENT AGREEMENT (INCLUDING EXHIBITS 1 AND 2), HAS HAD THE OPPORTUNITY TO DISCUSS THE CONTENTS OF THIS SETTLEMENT AGREEMENT WITH HIS COUNSEL AND HAS DONE SO, THAT HE HAS ENTERED INTO THIS SETTLEMENT AGREEMENT KNOWINGLY AND VOLUNTARILY, AND THAT HE HAS HAD THE OPPORTUNITY TO HAVE THE SETTLEMENT AGREEMENT TRANSLATED TO THE EXTENT HE DEEMS NECESSARY AND FULLY UNDERSTANDS IT.**

WHEREFORE, the Parties hereto have executed this Settlement Agreement on the dates set forth opposite their respective signatures this_____date of_____, 2019.

**ON BEHALF OF ALL PLAINTIFFS AND/OR OPT-IN PLAINTIFFS:**

_DocuSigned by Tommy Pham_
**TOMMY PHAM**

**Date:** 12/11/2019

**DEFENDANT**



<u>Leighton Carroll</u>

**ON BEHALF OF QUADGEN WIRELESS SOLUTIONS, INC.**

Date: <u>December 17th, 2019</u>

|                          |               |
| ------------------------ | ------------- |
| Total Settlement         | $400,000.00   |
| Attorney's Fees          | $133,333.33   |
| Incentives/Service Awards| $20,000.00    |
| Expenses                 | $38,585.08    |
| Net Settlement Fund      | $208,081.59   |

| Name | Settlement Allocation | Service Awards | Total Payment |
| --- | --- | --- | --- |
| Aliwu, Salisu M. | $15,203.19 | | $15,203.19 |
| Black, Robert G. | $4,293.94 | | $4,293.94 |
| Boaz, Daryl | $3,919.54 | $2,000.00 | $5,919.54 |
| Cao, Tin | $2,211.02 | | $2,211.02 |
| Carlos, Ferdinand | $11,356.63 | | $11,356.63 |
| Coston, Ira | $2,211.02 | | $2,211.02 |
| Damas, Anders | $1,516.05 | | $1,516.05 |
| Everett, Toryman | $904.51 | | $904.51 |
| Flores, Luz M. | $9,214.05 | $2,000.00 | $11,214.05 |
| Fonfield, Brian | $17,046.00 | | $17,046.00 |
| Garcia, Jose P. | $14,005.36 | $2,000.00 | $16,005.36 |
| Khaerisman, Indra | $13,065.14 | | $13,065.14 |
| Lewis, Jeremy A. | $12,261.14 | | $12,261.14 |
| Lewis, John | $9,854.33 | | $9,854.33 |
| Mananghaya, Noel | $1,245.73 | | $1,245.73 |
| McCant, Donnell | $10,452.12 | | $10,452.12 |
| McDougald, Derrell R. | $502.51 | | $502.51 |
| McGirt, Mervin L. | $803.66 | $2,000.00 | $2,803.66 |
| Nguyen, Minh H. | $7,959.10 | | $7,959.10 |
| Pham, Tommy S. | $1,306.51 | $10,000.00 | $11,306.51 |
| Pretty, Matthew | $1,875.21 | | $1,875.21 |
| Qadir, Amir | $18,291.20 | | $18,291.20 |
| Ramirez, Edwardo | $1,868.59 | | $1,868.59 |
| Salazar, Arvie | $2,412.03 | | $2,412.03 |
| Thompson, Jeremy | $1,694.98 | $2,000.00 | $3,694.98 |
| Wells, Timothy | $11,318.22 | | $11,318.22 |
| West, Jemon | $7,985.22 | | $7,985.22 |
| Wilson, Ashley | $5,275.00 | | $5,275.00 |
| Wren, Cornelius | $13,205.53 | | $13,205.53 |
| Yarborough, John D. | $4,824.05 | | $4,824.05 |

buef_fq ?N?

# Exhibit 2

# Check Release Language

"I understand and acknowledge that by cashing or depositing this check, I will be forever waiving and releasing (i.e., giving up) any and all claims under the Fair Labor Standards Act ("FLSA"), 29 USC §§ 201 et seq., as well as any state and/or local wage and hour and common law claims related to unpaid wages, benefits, or any claim related to my compensation that were brought or could have been brought in Tommy Pham et al. v. QuadGen Wireless Solutions, Inc., CA No. 2:17-cv-02894-LDD, which were pending in the U.S. District Court for the Eastern District of Pennsylvania. I also understand, acknowledge, and agree that this means I will not be able to sue QuadGen Wireless Solutions, Inc. for these claims once I cash or deposit the check."